### H. H. Whitlock v. J. W. Webster, Trustee.

1. SHERIFF—*when not entitled to commissions.* A sheriff is not entitled to commissions on a sale not conducted by him, which sale was made pursuant to the chattel mortgage given to secure the debt represented by the judgment, notwithstanding the amount of such sale was credited upon the execution.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

KEESLAR & GUNN, for appellant.

O. M. JONES, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

On the 14th day of July, 1904, J. W. Webster obtained a judgment in the Vermilion Circuit Court against D. M. and Helen Juvinall for the sum of $5,816.98 and costs. On the same day execution was issued thereon and on October 12th the execution was returned by the sheriff with the following endorsement:

" I hereby return this execution this 12th day of October, 1904. Plaintiff J. W. Webster, Trustee, states that during the lifetime of this execution, the sum of $3,600 was collected to be applied on judgment in this case, no property being found subject to levy except property disposed of by plaintiff during lifetime of said execution, no property found subject to levy by which balance of execution could be made. No fees of any character received on this execution by me.

H. H. WHITLOCK, Sheriff."

and with an endorsement of an itemized statement of his fees, one item of which is for commission on $3,600, being $28.50. On motion of plaintiff the court retaxed the costs and disallowed that item. Error assigned upon this order of the court presents the only question for our consideration. It appears from the evidence heard on the motion that the note on which the judgment was entered was

secured by chattel mortgage, that plaintiff Webster fore-
closed the mortgage, in pursuance of power therein given,
by seizing, advertising and selling the mortgaged chattels
and making report thereof, and of the expenses attending
thereon, as required by the statute, and that the $3,600
mentioned in the sheriff's bill of costs is the sum obtained
by plaintiff by that sale. It further appears that the
sheriff had no connection with this sale. He made no levy
on property real or personal, no money came to his hands
upon the execution and no money with which the execu-
tion was entitled to be credited came to the plaintiff's hands
except from the mortgage sale. Section 19 of chapter 53
of Revised Statutes at page 959 contains the provision of
the statute under which the sheriff claims the commission
and reads: " In addition to the above fees, there shall be
allowed to the several sheriffs in this state a commission of
three per centum on all sales of real and personal estate
which shall be made by virtue of any execution, or any de-
cree of a court of chancery, where the money arising from
such sales shall not exceed two hundred dollars; but in all
cases where the amount of such sale shall exceed that sum,
then one and one-half per cent commission on the excess
only shall be allowed: Provided, that in all cases where
the execution shall be settled by the parties, replevied,
stopped by injunction, or paid, or where the property lev-
ied upon shall not be actually sold, the sheriff shall be
allowed his fee for levying and mileage, together with half
the commission on all money collected by him which he
would be entitled to if the same was made by sale on exe-
cution; and no other fees or compensation whatever shall
be allowed on any execution except the necessary expenses
for keeping personal property, to be ascertained and al-
lowed by the court out of which the same shall be issued."
If Webster had held a mortgage on real estate made by
defendants to secure his note he could have pursued three
remedies for the collection of his debt and all at the same
time; he could have brought suit at law on the note, in
ejectment for the possession of the premises, and in equity

for the foreclosure of his mortgage. If he brought such suits, obtained judgment and execution on his note, possession of the premises by ejectment, and sale thereof by decree of foreclosure, and if by the rents and profits so obtained and the proceeds of sale so had the debt was extinguished, could it be claimed by the sheriff that he was entitled to commissions? Webster could have proceeded by bill in equity to foreclose his chattel mortgage, and if he had done so and thereby sold the property, would the sheriff be entitled to commissions on the amount realized from the sale? Webster did foreclose his mortgage in one of the ways provided by law. That foreclosure was as independent of the judgment and execution as if made and had in a court of equity. The mortgagors were compelled to pay and have paid out of the proceeds of their property the expenses of that foreclosure. Does the statute provide that they are liable and must pay to the sheriff or the plaintiff in the execution the further sum of $28.50 for the sheriff's commission on the amount made by the foreclosure sale? These questions need no answers. The judgment of the Circuit Court is in accordance with the law and is affirmed.

*Affirmed.*